# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FORREST,<br>      Plaintiff, | )<br>) | Civil Action No. 12-319Erie |
| v. | )<br>) | |
| DEBRA K. SAUERS, et al,<br>      Defendants. | )<br>)<br>) | Magistrate Judge Baxter |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on December 17, 2012. Plaintiff, acting *pro se*, brought this civil rights action alleging that his constitutional rights have been violated. As Defendants to this action, Plaintiff names: Debra K. Sauers; Lt. Capt. Maurin; John Does 1 – 7; Prison Health Services, Inc.; Jamie Fedarko; Kim Smith; Prinkey; Williams; Serbine; Med-Specialist; Nicole Brown; Donald Skunda; Moll; Bloom; Doctor John Doe; Sarah Seigel; Overmyer; Tice; Satterlee; Repko; Plansksa; Chiles; Ennis; Herberling; John Wetzel; Shirley Moore Snead; Keri Moore; Tracy Williams; Donna Varner; and the Individual and General Insurance Company of each Defendant. Plaintiff seeks leave to proceed *in forma pauperis* in this matter. See ECF No. 1.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff has voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF No. 4.

1

A. **Standards of Review**

   1) **The Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from governmental officers and employees.

   2) **Failure to State a Claim**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this

is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### B. Statute of limitations

Plaintiff advances a number of claims against a number of Defendants. The last act of which Plaintiff complains is October 22, 2010. Based on the facts as alleged, it is clear that Plaintiff's claims are time-barred.

The Third Circuit Court of Appeals has addressed whether district courts can *sua sponte* dismiss a *pro se* complaint on statute of limitations grounds. In Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008), the Third Circuit explained:

> Civil rights complaints are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (citation omitted) (finding that a district court's screening authority under § 1915(e) "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*.").

4

260 F. App'x at 455; see also Jackson v. Fernandez, 2009 WL 233559 (D. N.J. Jan. 26, 2009); Hurst v. City of Dover, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, this Court finds that it is clear from the face of the Complaint that Plaintiff's claims are subject to dismissal on statute of limitations grounds as this case was filed on December 17, 2012, more than two years after the events alleged in the complaint. Accordingly, the Complaint should be dismissed for failure to state a claim.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL FORREST,** | ) | |
| Plaintiff, | ) | Civil Action No. 12-319Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **DEBRA K. SAUERS, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 25th day of January, 2013;

IT IS HEREBY ORDERED that the Complaint be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge
